UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH HIZER,

      Plaintiff,                                 Hon. Janet T. Neff

v.                                                  Case No. 1:19-cv-325

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## **REPORT AND RECOMMENDATION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 46 years of age on her alleged disability onset date. (ECF No. 8-6, PageID.592). She successfully completed high school and worked previously as a coordinator and publication editor. (ECF No. 8-2, PageID.59-60). Plaintiff applied for benefits on January 29, 2013, alleging that she had been disabled since June 21, 2011, due to fibromyalgia, arthritis, chemical sensitivity, asthma, hypothyroidism, and depression. (ECF No. 8-6, 8-7, PageID.592-98, 654).

Following an administrative hearing, ALJ William Leland, in an opinion dated January 23, 2015, determined that Plaintiff did not qualify for disability benefits. (ECF No. 8-2, 8-3, PageID.78-126, 199-212). The Appeals Council subsequently remanded the matter for further consideration. (ECF No. 8-3, PageID.220-23). Following another administrative hearing, ALJ Shane McGovern, in a decision dated May 3, 2017, determined that Plaintiff was not entitled to disability benefits. (ECF No. 8-3, PageID.228-43, 251-69). The Appeals Council, however, again remanded the matter for further consideration. (*Id.*, PageID.280-82).

Following a third administrative hearing, ALJ McGovern, in a decision dated March 9, 2018, again concluded that Plaintiff was not entitled to disability benefits. (ECF No. 8-2, PageID.46-61, 127-67). The Appeals Council declined to review this decision, rendering it the Commissioner's final decision in the matter. (*Id.*, PageID.33-37). Plaintiff timely initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on December 30, 2016. (*Id.*, PageID.48). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is

determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: (1) asthma and vasomotor rhinitis (respiratory disorder); (2) lumbar spine disorder (spinal disorder); (3) bilateral knee disorder; (4) bilateral sciatic osteoarthritic change (hip disorder); (5) immunodeficiency disorder; (6) Sjogren's syndrome;[1] and (7) fibromyalgia, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (*Id.*, PageID.49-53).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can never climb ladders, ropes, or scaffolds; (2) she can only occasionally balance, stoop, crouch, kneel, crawl, and climb ramps and stairs; (3) she must avoid all exposure to moving mechanical parts and unprotected heights; (4) she must avoid more than occasional exposure to irritants, such as fumes, odors, dusts, gases, and poorly ventilated areas; and (5) she must avoid all exposure to extreme cold and heat. (*Id.*, PageID.53).

---

[1] Sjogren's syndrome "is a disorder of [the] immune system identified by its two most common symptoms – dry eyes and a dry mouth." Sjogren's syndrome, available at https://www.mayoclinic.org/diseases-conditions/sjogrens-syndrome/symptoms-causes/syc-20353216 (last visited on May 29, 2020).

A vocational expert testified that in light of Plaintiff's RFC, Plaintiff would still be able to perform her past relevant work as a coordinator and publication editor. (*Id.*, PageID.158-60). The vocational expert further testified that there existed approximately 280,000 jobs in the national economy that an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (*Id.*, PageID.159-60). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.    Medical Opinion Evidence

The administrative record contains approximately 1,300 pages of Plaintiff's medical treatment records encompassing a twenty-year period. (ECF No. 8-12 - 8-21, PageID.1254-2563). Over the course of Plaintiff's treatment, several of her examiners and care providers have expressed opinions regarding Plaintiff's impairments and the extent to which such limit her ability to function. The ALJ afforded "little to no weight" to several of these opinions. (ECF No. 8-2, PageID.59). Plaintiff argues that she is entitled to relief on the ground that the ALJ's rationale for discounting her "treating physicians' opinions" is not supported by substantial evidence.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is ☐well-supported by medically acceptable

clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Id.* at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Ibid.*

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Secretary of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citation omitted). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

Plaintiff has failed to precisely identify the medical opinions she believes were afforded insufficient weight by the ALJ. Plaintiff appears to be challenging the opinions discussed below. This conclusion is based upon Plaintiff's repeated citation to PageID.59, where the ALJ discusses why he afforded little weight to certain opinions. To the extent Plaintiff is challenging the ALJ's assessment of any other opinions, such has been waived. *See, e.g., Zizzo v. Commissioner of Social*

*Security*, 2013 WL 5291663 at *8 (E.D. Mich., Sept. 19, 2013) (courts do not engage in a self-directed inquiry into the facts because "judges are not like pigs, hunting for truffles buried in" the record); *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2014) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to. . .put flesh on its bones"); *Moore v. Commissioner of Social Security*, 573 Fed. Appx. 540, 543 (6th Cir., Aug. 5, 2014) (citing *Stewart* with approval to find an undeveloped argument waived).

    A.    Dr. Janice Smith

On February 22, 2010, Dr. Smith reported that Plaintiff "is intolerant to perfumes, hair sprays, and items with fragrances and is sensitive to some chemicals." (ECF No. 8-12, PageID.1258). Accordingly, the doctor indicated that Plaintiff "needs washroom facilities and a workplace free of them and not used by people wearing perfume." (*Id.*). On May 17, 2012, Dr. Smith reported that Plaintiff "is allergic to many cosmetics [and] perfumes and subject to asthma attacks when exposed to them." (*Id.*, PageID.1343).

The record also contains an undated note in which Dr. Smith reported that Plaintiff "is afflicted with multiple environmental allergens that will trigger severe asthma when she is exposed to them." (*Id.*, PageID.1341). The doctor stated that Plaintiff "needs a working environment where she is isolated from co-workers and her employer is protective of how her environment is maintained." (*Id.*).

First, the doctor's vague opinions are not necessarily inconsistent with the ALJ's conclusion that Plaintiff must avoid more than occasional exposure to irritants, such as fumes, odors, dusts, gases, and poorly ventilated areas. Thus, while the ALJ may have afforded little weight to Dr. Smith's opinions, any error is harmless as the doctor's opinions are not inconsistent with the ALJ's RFC finding.

Furthermore, as the ALJ observed, with respect to Plaintiff's alleged chemical sensitivities, the "complete lack of objective evidence in support of said impairment (such as diagnostic testing, laboratory findings, allergy results, imaging, or objective clinical symptomatology) fails to indicate a severe impairment that necessitates limitation." (ECF No. 8-2, PageID.49-50). The ALJ noted that Plaintiff's lack of "emergency treatment or hospitalization . . . is difficult to reconcile with allegations of work preclusive symptomatology." (*Id.*, PageID.54). The ALJ also observed that "it would appear that [Plaintiff's] diagnosed chemical sensitivity (which is not even medically determinable) is largely a subjective problem without clinical support as to objective difficulties." (*Id.*, PageID.54-57).

B. Dr. Christina Pareigis

On December 4, 2017, Dr. Pareigis reported that Plaintiff could, if she used both hands/arms, lift ten pounds frequently. (ECF No. 8-16, PageID.1917). The doctor reported that during an eight-hour workday, Plaintiff could stand/walk "less than 2 hours," but required a sit-stand option. (*Id.*, PageID.1918). The doctor also reported that Plaintiff was unable to balance, climb, stoop, kneel, crouch, or crawl and could only occasionally reach overhead. (*Id.*). Finally, the doctor reported that

Plaintiff could not be exposed to "fumes from cleaning products, perfumes/fragrances." (*Id.*).

Because Dr. Pareigis only examined Plaintiff once, her opinion is not entitled to any particular deference. *See, e.g., Kornecky v. Commissioner of Social Security*, 167 Fed. Appx. 496, 506-07 (6th Cir. 2006). Moreover, the objective medical evidence does not support the conclusion that Plaintiff's ability to lift, stand/walk, and otherwise function is as limited as the doctor suggests. Plaintiff has received conservative treatment and the results of physical examinations and objective testing have consistently revealed findings consistent with the ALJ's RFC assessment. (ECF No. 8-12, 8-13, 8-14, 8-18, PageID.1282-95, 1374-77, 1381-88, 1403-12, 1470-97, 1597-1651, 2099-2100, 2137-51).

C.   Dr. Jamie Kazmierzak

On May 14, 2014, Dr. Kazmierzak reported that Plaintiff was "totally disabled" from "any occupation." (ECF No. 8-12, PageID.1389). On December 8, 2014, Dr. Kazmierzak reported that Plaintiff suffers from "severe" chemical sensitivity syndrome. (ECF No. 8-13, PageID.1583). The doctor reported that "there is no treatment [for this condition] other than avoidance of all offending scents and chemicals." (*Id.*). The doctor also reported that Plaintiff suffers from fibromyalgia and arthritis, which "limits the time she can stand, walk or even sit continuously." (*Id.*). The doctor concluded that Plaintiff "is unable to work indefinitely." (*Id.*).

First, to the extent Dr. Kazmierzak opines that Plaintiff is disabled or unable to work, such is entitled to no deference as such is a matter reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(1); 416.927(d)(1). Second, the doctor's conclusion that Plaintiff's chemical sensitivity is "severe" and that she must "avoid" certain scents and chemicals, is not necessarily inconsistent with the ALJ's RFC. Likewise, the doctor's opinion that Plaintiff's ability to stand, walk, and sit is "limited" is vague and not necessarily inconsistent with the ALJ's RFC finding.

D.   Dr. Amanda Morris

On August 23, 2017, Dr. Morris reported that Plaintiff suffers from "severe" chemical sensitivity syndrome. (ECF No. 8-15, PageID.1783). The doctor reported that as a result of this condition, Plaintiff "wears a mask on a regular basis, and is usually unable to leave her home." (*Id.*). The doctor reported that Plaintiff also suffers from fibromyalgia which makes "any kind of lifting" "nearly impossible." (*Id.*, PageID.1784). The doctor also reported that Plaintiff "is unable to sit up or stand for any length of time and is often in bed." (*Id.*).

Dr. Morris' opinion that Plaintiff suffers from chemical sensitivities that prevent her from leaving her home is simply not supported by the record. The doctor's remaining opinions are vague and do not impose on Plaintiff any specific limitations which are inconsistent with the ALJ's RFC finding.

E.   Dr. James Harris

On May 5, 2014, Dr. Harris reported that Plaintiff suffers from "severe" chemical sensitivity syndrome which rendered her "unable to work at this time and for the foreseeable future." (ECF No. 8-12, PageID.1413). Again, opinions that Plaintiff is disabled or unable to work are entitled to no deference as such is a matter reserved to the Commissioner.

## II.   The ALJ Properly Developed the Record

Plaintiff also argues that she is entitled to relief because the ALJ failed to fully develop the medical record. The Court is not persuaded.

Plaintiff bears "the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits." *Trandafir v. Commissioner of Social Security*, 58 Fed. Appx. 113, 115 (6th Cir., Jan. 31, 2003). As the relevant Social Security regulations make clear, it is the claimant's responsibility to provide the evidence necessary to evaluate her claim for benefits. *See* 20 C.F.R. §§ 404.1512 and 404.1514. As the Supreme Court has observed, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Yuckert*, 482 U.S. at 146 n.5.

Only under "special circumstances, i.e., when a claimant is without counsel, is not capable of presenting an effective case, *and* is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop the record." *Trandafir*, 58 Fed. Appx. at 115 (emphasis added); *Nabours v. Commissioner of Social Security*, 50 Fed. Appx. 272, 275 (6th Cir., Nov. 4, 2002). Moreover, an ALJ

is not obligated to supplement the record with additional evidence unless the record as it then exists is insufficient to assess Plaintiff's residual functional capacity or otherwise resolve her claims. *See, e.g., Allison v. Apfel*, 2000 WL 1276950 at *5 (6th Cir., Aug. 30, 2000); *Lamb v. Barnhart*, 85 Fed. Appx. 52, 57 (10th Cir., Dec. 11, 2003); *Haney v. Astrue*, 2010 WL 3859778 at *3 (E.D. Okla., Sept. 15, 2010); *Brown v. Commissioner of Social Security*, 709 F.Supp.2d 248, 257 (S.D.N.Y. 2010). As is recognized, "how much evidence to gather is a subject on which district courts must respect the Secretary's reasoned judgment." *Simpson v. Commissioner of Social Security*, 344 Fed. Appx. 181, 189 (6th Cir., Aug. 27, 2009). As the court further observed, to obligate the Commissioner to obtain an absolute "complete record" in each case "literally would be a formula for paralysis." *Ibid*.

The record contains approximately 1,300 pages of Plaintiff's medical records, not to mention more than 600 pages of additional information pertaining to Plaintiff's claim for benefits. Plaintiff was represented before the ALJ at every administrative hearing and there is no suggestion that Plaintiff's attorneys were unfamiliar with the Social Security disability application process or were prevented from submitting to the Commissioner any relevant evidence. Moreover, Plaintiff has not demonstrated that the record before the ALJ was insufficient to assess Plaintiff's RFC or otherwise resolve her claims. Finally, while Plaintiff faults the ALJ for failing to develop the medical record, she fails to suggest what more the ALJ could have done and what such efforts would have revealed. Instead, Plaintiff

merely argues that the ALJ should have weighed the evidence differently. Such is not a basis for relief, however. Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                          Respectfully submitted,

Date May 29, 2020                          /s/ Phillip J. Green
                                          PHILLIP J. GREEN
                                          United States Magistrate Judge